G. H. A. KUNST, Judge.
At about five o’clock on the evening of Saturday, August 24, 1948, Doris Brown, a child several months over seven years of age and the daughter of Romie and Dovie Brown, while playing with two other children on a steel girder, about fourteen inches in width at its upper face, of a partially constructed bridge over Paint Creek, near the town of Holly Grove in Kanawha county, West Virginia, fell a distance of about eighteen feet into the water and on rocks in the bed of the stream. She sustained severe bruises and a broken arm as a result of this fall. She was taken to Laird Memorial Clinic, at Montgomery, West Virginia, and her injuries were treated. The charges for such treatment amounted to $53.00.
The doctor who treated her injuries, although summoned as a witness by claimant did not appear at the hearing, and his attendance was not compelled by claimant’s attorney, and no expert testimony was introduced as to her injuries. The child *54 was presented to the court and asked to wave, raise, lower and move her arm, which she did, and her attorney rotated it. This demonstration showed no obstruction in her use of it.
The witnesses Henry Seacrist and his grandson, Gordon Lloyd Swartz, while passing over the road under the structure in an automobile saw the child fall. Swartz went to the creek and carried her to the bank. She struggled out of his arms, was crying, and ran around for a little while in a confused manner, but soon she seemed to realize that her arm was injured and, holding it, started to run home. Swartz stayed with her until she reached home. She kept repeating that she was not hurt, but was scared and did not want to go home for she feared her father would whip her for slipping off.
Zack Phillips, respondent’s foreman in charge of construction, stated that each day during the construction of the bridge, before leaving workmen placed at the entrance to the bridge heavy wooden trestles or barriers, admittedly insufficient to prevent any one from going upon the structure, on which was hung a sign with the words “Bridge Closed.” This had been done on the evening of the accident. These trestles were often found the following morning in the creek.
No roads then approached the entrances to the bridge, but were to be constructed later. The bridge was not at a stage of construction for vehicular or pedestrian use. The abutments on which the two girders rested were several feet above the ground.
The evidence is that during every stage of the construction of this bridge although parents and children were warned of the danger, and children repeatedly driven from the structure it was impossible to keep them off. Parents and children alike were apparently indifferent to the danger.
The child. Doris Brown, by Romie Brown, her father and next friend, alleged negligence of the state road commission in not having provided guards and barricades sufficient to have *55 prevented children from trespassing on the incompleted and unsafe structure, and asked damages in the amount of $10;-000.00 from respondent for her injuries.
The state owes no legal duty to a trespasser to so barricade and safeguard a partially constructed bridge across a stream as would prevent trespassers getting on it. The fact that such trespasser was a child of-tender years did not make such precaution a legal duty that was broken when such trespassing child, having strayed from its parents, passed the barricade and, while playing with other children on a steel girder of the structure, fell about eighteen feet into the water and rocks below. Tire fact that the dangerous structure was attractive to children did not cause the child to be other than a trespasser, nor shift the duty of its protection from its parents to the state.
The following decisions of our Supreme Court are referred to for the law governing this opinion as well as two analogous decisions of this Court: Conrad v. Baltimore and Ohio Railroad Co., 64 W. Va. 176, 61 S. E. 44; Uthermohlen v. Bogg’s Run Co., 50 W. Va. 457, 40 S. E. 410; Ritz v. City of Wheeling, 45 W. Va. 262, 51 S. E. 369; Sims, admx. v. State Road Commission, 2 Ct. Claims (W. Va.) 360; Gill v. State Road Commission, 2 Ct. Claims (W. Va.) 290.
Therefore an award for injuries sustained by the child is not granted.